**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ADELBERTO MARRERO,** ) | Case No. 1:11CV242 |
| ) | Criminal Case No. 1:05CR128 |
| Petitioner, ) | |
| ) | Judge Dan Aaron Polster |
| vs. ) | |
| ) | **MEMORANDUM OF OPINION** |
| **UNITED STATES OF AMERICA,** ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

Before the Court is Petitioner Adelberto Marrero's motion under 28 U.S.C. §2255 to vacate, set aside, or correct sentence, filed on February 2, 2011 (**Doc. #: 1**). On December 6, 2005, Petitioner, pursuant to a written plea agreement, pled guilty to one count of conspiracy to distribute heroin in violation of 21 U.S.C. §§841(a)(1) and 846. (Doc. ##: 177, 178).[1] The Court sentenced Petitioner to a prison term of 262 months with eight (8) years supervised release on March 17, 2006 (Doc. #: 209). Judgment was entered on March 22, 2006 (Doc. #: 211).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom it is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack.

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is

---

[1] All document references, except for the instant motion, are from the criminal case, No. 1:05CR128.

> not entitled to relief in the district court, the judge shall make an
> order for its summary dismissal and cause the movant to be
> notified. Otherwise, the judge shall order the United States
> Attorney to file an answer or other pleading within the period of
> time fixed by the court or to take such other action as the judge
> deems appropriate.

*Id.* Having reviewed the records and transcripts relating to the judgement under attack, the Court finds that Petitioner is not entitled to relief. Under 28 U.S.C. §2255(f)(1), the statute of limitations for Petitioner to file the instant motion is one year from the date on which judgment became final. Petitioner's instant motion was not filed until February 2, 2011, three and one-half years after the Court of Appeals denied Marrero's appeal (Doc. ##: 239, 240). Petitioner has not shown a basis for equitable tolling, and while he claims in his petition that he is actually innocent of the heroin conspiracy, he sets forth no facts to suggest this is the case.

**1. Procedural History**

Trial in this case commenced December 5, 2005. A jury was selected and sworn. The next day, December 6, 2006, Marrero entered a plea of guilty pursuant to a written plea agreement. (Doc. ##: 177, 178.) The Court conducted a through colloquy with Marrero to insure that the plea was knowing and voluntary. Marrero acknowledged that his attorneys had discussed with him the government's evidence and any challenges and defenses he might have had. (Doc. #: 230, Transcript of change of plea hearing, at 7.) Marrero confirmed that he had not been threatened or pressured in any way. (*Id.* at 7-8.) The Court carefully went over with Marrero the advisory guidelines calculations, and told Marrero that his probable advisory guidelines range would be 262-327 months. (*Id.* at 9-13.) Marrero acknowledged that he understood that he would not be able to change his mind at sentencing and choose a trial. (*Id.* at 16.) Lastly, the Court read the factual basis set forth in the Plea Agreement: Marrero

participated in a conspiracy between November 2003 through August 31, 2005; that he was responsible for between 700 grams and 1 kilogram of heroin; and the government had seized $350,000 from his apartment. Marrero confirmed that these facts were accurate. (*Id*. At 16-17.)

On March 17, 2006, Marrero appeared for his sentencing hearing. Initially, he advised the Court that he was firing one of his attorneys, James Jenkins, so the hearing proceeded with attorney Beverly Briggs continuing to represent Marrero. (Doc. #: 222, Transcript of Sentencing Hearing, at 3-4.) At the outset, Marrero asked the Court to permit him to withdraw his guilty plea, claiming that he had been threatened by attorney Jenkins, and that "I was afraid of everything" and "I was lost" at the hearing. (*Id.* at 10-11, 13.) After a thorough questioning of Marrero, the Court denied the motion to withdraw guilty plea. The Court determined that the supposed "threat" from counsel was nothing more than counsel's opinion that Marrero was likely to be convicted and that the best course of action was to accept the plea agreement. (*Id*. at 8-9, 13-14.) Marrero stated that attorney Jenkins predicted that the jury would find him guilty. (*Id*. at 9.) Later in the hearing, attorney Briggs stated that the opinion she gave her client was that a plea would be better in his case, as she and attorney Jenkins knew who was going to be testifying, and that those individuals would testify that they were involved in drug trafficking with Marrero. (*Id*. at 18.) One of those witnesses was Marrero's niece, Yahira Tyus, a college graduate who Marrero had recruited while he was in prison to assist him in collecting money for drugs. Tyus had pleaded guilty, and subsequently received a prison sentence. (*Id*. at 14-15.) Toward the end of the hearing, Marrero claimed that Drug Enforcement Agency Special Agent Lee Lucas had set up his niece with fake drugs and threatened her that if she didn't testify against Marrero, she would receive significant jail time. (*Id*. at 28-30.)

The Court sentenced Marrero to 262 months, the low end of the advisory guideline range. (Doc. ##: 209, 211.) Marrero appealed the denial of his motion to withdraw his guilty plea and the Court of Appeals for the Sixth Circuit denied his appeal on July 2, 2007. (Doc. #: 239.) The mandate was issued on July 25, 2007 (Doc #: 240); Marrero did not seek certiorari.

**2. The Petition is Time-Barred**

Marrero contends that the one-year statute of limitations has not lapsed, as 28 U.S.C. Section 2255(f) provides that a petitioner has one year from "the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Marrero's claim is that Special Agent Lee Lucas threatened his niece to testify against him. Putting aside the fact that his niece's guilty plea and plea colloquy negate this argument, Marrero made this claim at his sentencing in March 2006, nearly 5 years ago.  There is no reason why he could not have filed his habeas petition in a timely fashion after his appeal was denied in July 2007. While Marrero claims in his petition that it was reasonable for him to await the outcome of Lucas's criminal prosecution, he provides no support for this proposition. The statute of limitations is only tolled in the event that the facts supporting the habeas claim could not have been discovered through the exercise of due diligence. Marrero must have known of these facts when he made this claim in open court in March 2006.

Marrero further contends that even if the statute of limitations has run, it should be equitably tolled because he is making a credible claim of actual innocence. Marrero provides absolutely nothing in his petition to support such a claim. It is noteworthy that in its opinion denying Marrero's appeal of this Court's denial of his motion to withdraw his guilty plea, the Court of Appeals held that Marrero had not even maintained a consistent claim of innocence

during the period prior to making the motion. (Doc. #: 239 at 6-7.) The Court of Appeals noted that "[although] Marrero entered an initial plea of not guilty to the second superseding indictment, he later signed a plea agreement, assenting to the government's account of the factual basis for the guilty plea." (*Id*. at 6.) "At his plea hearing ... Marrero never claimed that he was in fact innocent of the charges against him. Instead, he confirmed ... that the plea agreement was accurate. Only at his sentencing, when he sought to withdraw his guilty plea, did Marrero seriously contest his guilt, and those claims of innocence were largely detached from the evidence in the case, as the district court pointed out." (*Id*. at 6-7.)

Further, Marrero acknowledges controlling Sixth Circuit authority that even a petitioner claiming actual innocence cannot proceed past the one-year limitations deadline if he purposefully or by inadvertence lets the time run under which he could have filed his habeas petition. Marrero knew enough to make his claim about Lucas and Tyus in March, 2006, and he has provided no justification for sitting on his habeas claim until February, 2011.

**3. Marrero has not made a showing of ineffective assistance of counsel.**

In paragraph 24 of his plea agreement, Marrero waived his right to make any habeas claim other than ineffective assistance of counsel or prosecutorial misconduct. The court went over this paragraph carefully with Marrero during the change of plea hearing. (Doc. #: 230 at 13-14.)

Claims of ineffective assistance of counsel are analyzed under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, the Petitioner must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for

counsel's deficiency, the outcome of the proceedings would have been different. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)(citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). A review of counsel's performance must be highly deferential and requires the courts to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). As to the second "prejudice" prong, the Supreme Court has stated that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The *Strickland* standard applies to guilty pleas as well. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). In the guilty plea context, the first *Strickland* element is the same. *Griffin*, 330 F.3d at 736-37 (citing *Hill*, 474 U.S. at 58-59). However, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Griffin*, 330 F.3d at 737 (quoting *Hill*, 474 U.S. at 58-59).

First, Marrero has not demonstrated that his attorneys were deficient in their representation concerning his guilty plea. Second, he has made no argument, let alone any showing, that but for anything his attorneys did or did not do, he would not have pleaded guilty and would have insisted on going to trial. Putting aside Marrero's niece, Tyus, attorney Briggs acknowledged at the sentencing that there were numerous other credible witnesses prepared to testify to Marrero's participation in the drug conspiracy, and that that was the basis of her recommendation that he plead guilty. (Doc. #: 225 at 18.)  Marrero claims in his petition that

his attorney improperly told him that he might get a sentence of 30 years if he went to trial. This was in fact an accurate statement, as the advisory guideline range for offense level 37 (without acceptance of responsibility), criminal history category VI was 360 months to life. Marrero explicitly stated at his change of plea hearing that nobody had threatened or pressured him to plead guilty, and that he had come to this decision voluntarily after discussing this decision with his attorney and family members. (Doc. #: 230 at 7-8.) While Marrero claims in his petition that his attorney requested additional compensation of $35,000 to take the case to trial, Marrero said nothing about that at the change of plea hearing; in fact, he explicitly stated that he was satisfied with his lawyers' representation of him. (*Id.* at 7.) Further, the Court advised Marrero that if he chose to go to trial and could not afford counsel, the Court would provide a lawyer at government expense. (*Id.* at 14.)

**4. Withdrawal of Guilty Plea**

Marrero spends much of his petition arguing that the Court should have let him withdraw his guilty plea when he made a pro se motion to do so at the sentencing hearing. In the first instance, this issue is not cognizable on habeas corpus as it does not "allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallet v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citation omitted). Second, this claim is precluded under the doctrine of res judicata because Marrero specifically appealed the denial of his motion to withdraw his guilty plea to the Sixth Circuit Court of Appeals. (Doc. ##: 239, 240.) In a 9-page unpublished opinion dated July 2, 2007, the Court of Appeals denied his appeal and affirmed the judgement of the district court. The Court of Appeals held that Marrero

had not carried his burden of establishing a "fair and just reason for requesting withdrawal" as required by Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, and that the first six factors set forth in *United States v Dixon*, 479 F.3d 431, 436 (6th Cir. 2007) overwhelmingly supported the district court's decision to deny Marrero's motion to withdraw his guilty plea. (Doc. #: 239 at 4.)

**5. Conclusion**

For the reasons set forth above, Marrero's Petition to Vacate Sentence is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster    February 10, 2011*
**Dan Aaron Polster**
**United States District Judge**