**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NOS.   1:05-cr-00128-DAP** |
| ) | |
| Plaintiff, ) | |
| ) | **JUDGE DAN AARON POLSTER** |
| vs. ) | |
| ) | **OPINION & ORDER** |
| **ADELBERTO MARRERO,** ) | |
| ) | |
| **Defendant-Petitioner.** ) | |

On March 17, 2006, the Court sentenced Adelberto Marrero for Conspiracy to Distribute and Possess with Intent to Distribute Heroin, pursuant to 21 U.S.C. §§ 841(a)(1) and 846. Minutes, Doc #: 209; J., Doc #: 211. As the result of prior Ohio convictions for aggravated burglary and aggravated trafficking in cocaine, the Court determined Marrero was a career offender, pursuant to U.S.S.G. § 4B1.1, and imposed a 262 month sentence.  Marrero appealed, and, on July 25, 2007, the Sixth Circuit affirmed the judgment. Doc #: 240.

On February 2, 2011, Marrero filed a Petition to Vacate Sentence under 28 U.S.C. § 2255, Doc #: 267, which the Court denied, Doc #: 270.

 On June 17, 2016, Marrero filed a Motion Under 28 U.S.C. § 2244 for Order

Authorizing District Court to Consider Second or Successive Application for Relief under 28 U.S.C. § 2254 or § 2255. *In re: Adelberto Marrero*, Case No. 16-3653 (6th Cir. June 17, 2016). With that motion for authorization still pending before the Sixth Circuit, on June 27, 2016, Marrero filed (mailed June 23, 2016) with this Court a second Motion Under 28 U.S.C. § 2255(f)(3) to Vacate, Set-Aside, or Correct Sentence by a Person in Federal Custody and Memorandum of Law in Support Thereof. Doc #: 301.[1]

On July 5, 2016, Marrero filed a Motion to Hold in Abeyance Pending Resolution of 28 U.S.C. § 2244 Action. Doc #: 305. The Court denied the Motion to Hold in Abeyance, instead transferring Marrero's second § 2255 to the Sixth Circuit for authorization. Doc #: 306.

On October 12, 2016, the Sixth Circuit Court of Appeals granted Marrero's motion for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his sentence. In that order, the court of appeals said,

> In this motion, Marrero claims that he is entitled to relief from his designation as a career offender on the basis of *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), as unconstitutionally vague. Although Marrero was sentenced under the Sentencing Guidelines, and not the ACCA, he argues that the residual clause of the definition of "crime of violence" in the Guidelines is similar to the ACCA's residual clause and that *Johnson* should apply to his sentence. . . .
> Whether *Johnson* applies to the sentencing guidelines, and, if so, whether it applies retroactively, will be decided by the Supreme Court next term. *See Beckles v. United States*, 136 S. Ct. 2510 (2016) (granting certiorari). We have recently granted career offenders permission to file second or successive § 2255 motions when they have made a prima facie showing that their sentences may be affected if *Johnson* applies retroactively

---

[1] Marrero initially filed his motion *pro se*, Doc #: 301; subsequently the Office of the Federal Public Defender filed an Amended Motion for Relief Under 28 U.S.C. § 2255, Doc #: 303 [hereinafter "Amended Petition"].

> to their cases. And Marrero has made a sufficient prima facie showing that
> he may be entitled to relief from his career offender designation based on
> *Johnson*.
>
> Accordingly, we GRANT Marrero's motion and REMAND the case to the United States District Court for the Northern District of Ohio. The district court is instructed to hold the case in abeyance pending the outcome of *Beckles*, although it is free to consider terminating the stay under appropriate circumstances, either on motion or sua sponte.

Appeal Order 1–2, Doc #: 307 (internal citations omitted). Upon remand, the Court stayed the case.

On March 6, 2017, the Supreme Court decided *Beckles v. United States* and held that the Guidelines, including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause. 137 S. Ct. 886, 892–94 (2017). Consequently, the Court lifted the stay and ordered Marrero to show cause "why his Motion for Relief Under 28 U.S.C. § 2255, Doc #: 307-1, should not be summarily denied pursuant to *Beckles*." Doc #: 308.

On March 21, 2017, Marrero filed, pro se, a motion to 1) dismiss his counsel, 2) proceed pro se, 3) amend his outstanding § 2255 petition, and 4) extend the time permitted to respond to the Show Cause Order. Doc #: 309. The Court permitted Marrero to proceed pro se, extended the deadline for Marrero to respond to the Show Cause Order, and permitted Marrero to amend his outstanding Motion provided he did not address bases for relief not already approved by the Sixth Circuit. Doc #: 310.

On April 20, Marrero filed his Response to Court's Show Cause Order, Doc #: 311, and second amended motion for relief pursuant to 28 U.S.C. § 2255 (styled as "Petitioner's Motion to Amend Second or Successive § 2255 for Relief Under 28 U.S.C. § 2255, Document #307-1"), Doc #: 312. The Court denied Marrero's Second Amended Petition on May 3, 2017 because the

Supreme Court's ruling in *Beckles* foreclosed Marrero's arguments. Doc #: 313. On February 1, 2019, Marrero filed the instant Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582, restating the same argument that he made in his Second Amended petition: that Johnson should apply to his sentence. *See* Doc #: 318, Mot. at 3.

Marrero again argues that, although he was sentenced under the Sentencing Guidelines and not the ACCA, the residual clause of the definition of "crime of violence" in the Guidelines is similar to the ACCA's residual clause and therefore Johnson should apply to his sentence. Doc #: 318; Mot. at 3. As the Court previously explained in its Order denying Marrero's Second Amended Petition, the Supreme Court decided *Beckles* and held that *Johnson* **does not apply** to the Sentencing Guidelines: "the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Beckles (2017)*, 137 S. Ct. at 892. Thus, Marrero's argument has been foreclosed by the Supreme Court, and this Court cannot address the merits of Marrero's Motion to Reduce Sentence. Should Marrero wish to appeal this Court's decision, he should appeal to the Sixth Circuit Court of Appeals.

Accordingly, Marrero's Motion to Reduce Sentence, Doc #: 318, is **DENIED.**

**IT IS SO ORDERED.**

>  */s/ Dan A. Polster    Feb. 5, 2019*
>  **DAN AARON POLSTER**
>  **UNITED STATES DISTRICT JUDGE**