# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | CASE NO. 1:05-CR-128 |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **ADELBERTO MARRERO,** ) | |
| ) | |
| **Defendants.** ) | |

Before the Court is Defendant Adelberto Marrero's Motion to Reduce or Modify Term of Imprisonment. **Doc #: 326**.

Marrero's present motion, Doc #: 326, is substantively similar to his prior motion to reduce sentence, Doc #: 318. In both he argues that he is not a career offender because his prior Ohio conviction for aggerated burglary is no longer a crime of violence. Docs #: 318 at 2; 326 at 1. Because his guideline range was calculated based on his being a career offender, Marrero asserts that he is entitled to a sentence modification. Docs #: 318 at 2; 326 at 1.

The Court denied Marrero's prior motion to reduce sentence, finding that he is ineligible for a sentence reduction because his aggravated burglary conviction is a crime of violence. Doc #: 319 at 4. Marrero appealed this Court's decision. Doc #: 320. The Sixth Circuit affirmed, agreeing that his aggravated burglary conviction is a crime of violence and so Marrero is ineligible for a sentence reduction. *United States v. Marrero*, No 19-3133, 2019 U.S. App. LEXIS 29207, at *4 (6th Cir. Sept. 26, 2019).

Marrero's arguments have been fully addressed and resolved both by this Court and the Sixth Circuit. Marrero is not entitled to a sentence reduction because his conviction for aggravated burglary is a crime of violence. Accordingly, Defendant's Motion to Reduce or Modify a Term of Imprisonment, **Doc #: 326**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster February 13, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**