# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:05-CR-128 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| ADELBERTO MARRERO, ) | |
| ) | |
| Defendants. ) | |

Before the Court is Defendant Adelberto Marrero's Motion to Reconsider, **Doc #: 328**. Marrero seeks reconsideration of this Court's denial of his Motion to Reduce or Modify a Term of Imprisonment. Doc ##: 326, 327. Marrero argues his sentence should be reduced because he is no longer considered a career offender. Doc #: 328 at 1. Marrero supports this contention by arguing that under *United States v. Malone*, 646 F. App'x 454 (6th Cir. 2016) his aggravated burglary conviction is no longer a crime of violence. Doc #: 328 at 2.

Marrero fails to appreciate that *Malone* is no longer good law. In *Malone*, the Sixth Circuit remanded an enhanced career offender sentence for reconsideration because the language of the residual clause in the sentencing guideline is identical to the ACCA residual clause that *Johnson v. United States*, 135 S. Ct. 2551 (2015) rendered void for vagueness. *Malone*, 646 F. App'x at 457. The Supreme Court overruled *Malone* when it held that the sentencing guidelines cannot be challenged for vagueness because the guidelines merely guide the district court's discretion. *Beckles v. United States*, 137 S. Ct. 886, 894 (2017).

Marrero's arguments have been fully addressed and resolved both by this Court and the Sixth Circuit. Marrero is not entitled to a sentence reduction because his conviction for aggravated burglary is a crime of violence. Accordingly, Defendant's Motion to Reconsider, **Doc #: 328**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster March 4, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**